IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. WALKUP,

    Plaintiff *pro se,*

vs.                                                           CIV NO. 02-00989 MV/ACT

JUDGE GRACE B. DURAN, SPECIAL
COMMISSIONER MARCY BEYER,
ATTORNEY MICHAEL T. MURPHY,
all individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendants Judge Grace B. Duran and Special Commissioner Marcy Beyer **[Doc. No. 5]**, a Motion to Dismiss by Defendant Michael T. Murphy **[Doc. No. 18]**, and a Motion for Default Judgment by Plaintiff Richard D. Walkup **[Doc. No. 16]**. The Court, having considered the motions, briefs, relevant law and otherwise being fully informed, finds that the Motion to Dismiss Judge Duran and Special Commissioner Beyer will be **GRANTED**, the Motion to Dismiss Michael T. Murphy will be **GRANTED**, and Plaintiff's Motion for Default Judgment will be **DENIED**.

## BACKGROUND

Plaintiff is a Respondent in a domestic relations case filed in the Third Judicial District Court of New Mexico, Kindell J. Walkup v. Richard D. Walkup, NM #D-307-DV-200200481. Plaintiff brought this case in federal court alleging that his constitutional rights under the First, Second, Fifth, Sixth and Fourteenth Amendments have been violated by the administration of justice in his domestic relations case in the Third Judicial District. Originally, Plaintiff attempted to remove his domestic

relations case to federal court in CV 02-847 MCA/JHG. That case was remanded to state court for lack of subject matter jurisdiction on July 30, 2002. Less than two weeks later, Plaintiff brought this civil rights action against Judge Duran, the District Court Judge presiding over his domestic relations case; Marcy Beyer, the Special Commissioner who has been conducting hearings in the case; and Michael T. Murphy, counsel for Plaintiff's spouse in the case.

## JUDICIAL IMMUNITY

Both Judge Duran and Special Commissioner Beyer are entitled to absolute judicial immunity from suit. *Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity extends to all actions of both Judge Duran and Special Commissioner Beyer even if their rulings may have been erroneous. Clearly, the actions and rulings by Judge Duran and Special Commissioner Beyer of which Plaintiff complains were all within the context of the domestic relations case. Therefore, both Judge Duran and Special Commissioner Beyer were acting within their judicial capacities in a domestic relations case in which there is clear state court jurisdiction. Therefore, both Defendants Judge Duran and Special Commissioner Beyer are immune from suit and will be dismissed.

## NO STATE ACTION

Plaintiff also has brought this pro se complaint against attorney Michael T. Murphy, alleging that his participation in the domestic relations proceedings in the Third Judicial District contributed to the deprivation of Plaintiff's civil rights. Plaintiff alleges that Mr. Murphy, as a "Judicial Officer," acted under color of state law by participating in an ex parte hearing concerning allegations of domestic violence.

The pleadings of a pro se party must be construed liberally and held to a less stringent standard than pleadings drafted by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Even under such a generous reading, Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Mr. Murphy, and the Complaint against him must be dismissed.

To state a viable claim under § 1983, a plaintiff must claim that a person acted under color of state law to deprive her of a right protected by the "Constitution and laws" of the United States. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mere participation in a legal proceeding – such as serving as counsel for a petitioner in court – does not constitute state action. In this case Mr. Murphy is a private actor and did not act in concert or conspiracy with state officers. Therefore, a civil rights action under 42 U.S.C. §1983 cannot be brought against him and the Complaint against Mr. Murphy will be dismissed for failure to state a claim upon which relief can be granted.

## **MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed a Motion for Default Judgment claiming that proper service had been effected on Defendant Murphy, and that Mr. Murphy had failed to respond to the Complaint within the time allowed. However, the record reflects that Mr. Murphy was never served personally and that service was instead completed by leaving documents with a co-worker. Rule 5(b)(2)(A) of the Federal Rules of Civil Procedure require that service be made personally or with a clerk or someone in charge at the Defendant's office. Even though Defendant Murphy was not served in accordance with this provision, he entered an appearance and responded to the Complaint with his Motion to Dismiss. Therefore, because the record is unclear about whether service of process was proper, and because Mr. Murphy's Motion to Dismiss the Complaint is meritorious, the Motion for Default Judgment is denied.

## **CONCLUSION**

Therefore, Defendant Judge Duran and Defendant Special Commissioner Beyer's Motion to Dismiss on the basis of judicial immunity is hereby **GRANTED**. Defendant Michael Murphy's Motion to Dismiss for failure to state a claim is hereby **GRANTED**. Plaintiff's Motion for Default Judgment is hereby **DENIED**. Having dismissed all Defendants from this case, a **JUDGMENT** in FAVOR of the Defendants is entered simultaneously with this Memorandum Opinion and Order.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

<u>Plaintiff *pro se*</u>:
Richard D. Walkup

<u>Attorneys for Defendants</u>:
Michael T. Murphy
Sean Olivas